UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Mr RALPH JONES<br>   a/k/a RALPH JONES,<br><br>              Plaintiff,<br><br>              v.<br><br>PENDLETON PRISON FACILITY,<br>ST VINCENT HOSPITAL,<br><br>              Defendants. | No. 1:17-cv-04565-WTL-DML |

**Entry Screening Amended Complaint and Directing Service of Process**

On February 1, 2018, the Court dismissed the plaintiff's complaint for failure to name any individual defendants. On February 12, 2018, the plaintiff filed an amended complaint naming three individuals. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants.

**II. The Amended Complaint**

In his amended complaint, the plaintiff has named three individual defendants: 1) Ryan McCarthy, 2) Mr. Hollowell, and 3) Mr. Sanford. First, he alleges that Ryan McCarthy allowed another inmate to place a loud generator in the plaintiff's dorm for several weeks which the plaintiff characterizes as "virtual torture." Next, he alleges that Mr. Hollowell and Mr. Sanford "are allowing a silent corruption scandal to transpire daily," and that "lives are currently being threatened to try stopping the complete exposer inside Pendleton facility."

The claim against Ryan McCarthy is **dismissed** because the allegation that he allowed an inmate to place a loud generator in the dorm for several weeks does not identify an actionable

infringement of any federally secured right. "[N]ot everything that is undesirable, annoying, or even harmful amounts to a violation of the law, much less a constitutional problem." *Brown v. Chicago Board of Education*, 824 F.3d 713, 714 (7th Cir. 2016); *see also Brandt v. Bd. of Educ. of City of Chi.,* 480 F.3d 460, 465 (7th Cir. 2007) ("[D]e minimis non curat lex (the law doesn't concern itself with trifles) is a doctrine applicable to constitutional as to other cases.").

Similarly, the claims against Mr. Hollowell and Mr. Sanford are **dismissed** because the plaintiff's vague assertions that they are allowing a silent corruption are insufficient to allege an actionable infringement of any federally secured right.

The plaintiff raises other allegations against individuals not listed as defendants in the caption of the amended complaint. He alleges that Dr. Talbot and unnamed nurses were involved, although he does not state sufficient facts regarding their alleged involvement to state a claim.

He alleges that Officer Pence and Captain Mason allowed other inmates to torture him, including Officer Pence allowing inmates to try to stab him. He also alleges that Officer Ruche split the plaintiff's head open and then delayed medical treatment.

Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Therefore, the plaintiff's failure to protect claims against Officer Pence and Captain Mason **shall proceed**. His excessive force and deliberate indifference claim against Officer Ruche **shall also proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. The **clerk is directed to terminate** Mr. Sanford, Mr. Hollowell, Ryan McCarthy, and Pendleton Prison Facility and St Vincent Hospital, which were named in the

original complaint, as defendants on the docket, and **to add** Captain Mason, Officer Pence and Officer Ruche as defendants.

### III. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Service of Process

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Captain Mason, Officer Pence, and Officer Ruche in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED**.

Date: 2/23/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RALPH JONES
977217
Westville Correctional Facility
Electronic Service Participant – Court Only

CAPTAIN MASON, employee
Pendleton Correctional Facility
4490 W Reformatory Rd.
Pendleton, IN 46064

OFFICER PENCE, employee
Pendleton Correctional Facility
4490 W Reformatory Rd.
Pendleton, IN 46064


OFFICER RUCHE, employee
Pendleton Correctional Facility
4490 W Reformatory Rd.
Pendleton, IN 46064