UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Mr RALPH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04565-WTL-DML |
| | ) | |
| CAPTAIN MASON, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Motion for Summary Judgment**

Plaintiff Ralph Jones, an Indiana prisoner incarcerated at the Westville Correctional Facility, brings this civil rights action alleging that the defendant allowed other inmates to torture him while he was incarcerated at Pendleton Correctional Facility. Presently pending before the Court is the defendant's motion for summary judgment which argues that the plaintiff's claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Jones has not responded to the motion and the time to do so has passed, leaving the defendant's motion unopposed. For the reasons that follow, the defendant's motion for summary judgment, Dkt. No. 33, is **granted.**

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the

non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

As noted above, Mr. Jones failed to respond to the defendant's motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Jones has conceded the defendant's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Jones and supported by admissible evidence, are accepted as true.

## II. Facts

At all times relevant to his claims, Mr. Jones was incarcerated at Pendleton Correctional Facility ("Pendleton"). Pendleton maintains a grievance policy regarding complaints about prison conditions, including complaints about individual staff members. The grievance process requires an inmate to attempt to resolve the grievance informally by contacting staff to discuss the matter or incident subject to the grievance. If the inmate is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint. If the formal written complaint is not

resolved in a manner that satisfies the inmate, he may submit an appeal to the Indiana Department of Correction (IDOC) Central Office.

Grievance records maintained by IDOC reveal that Mr. Jones filed three grievances that could potentially relate to the claims raised against the defendant in this action. All three grievances were rejected for various reasons including failing to attempt to first resolve the issue informally, using profanity, and requesting a classification change.[1] Mr. Jones never filed an acceptable formal grievance regarding his claims against the defendant. There is no evidence that he attempted to file an appeal regarding his claims either.

### III. Discussion

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system

---

[1] The records produced by the defendant also indicate that the grievances were rejected because they were not completely filled out. The Court has reviewed the grievance forms and they appear to be completely filled out by the plaintiff. Nevertheless, he failed to comply with other requirements of the grievance process, such as first seeking informal resolution of the grievance, therefore the grievance forms were properly rejected.

requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). The burden is also on the defendant to establish that the administrative process was available to Mr. Jones. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

The undisputed facts demonstrate that Mr. Jones did not complete the steps of the grievance process. Although he attempted to file grievances, he failed to comply with the requirements of the grievance process. The consequence of Mr. Jones's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice").

## IV. Conclusion

The defendant has shown that Mr. Jones failed to avail himself of all administrative remedies before filing this civil action. Therefore, the defendant's motion for summary judgment, Dkt. No. 33, is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Date: 10/26/18

Distribution:

RALPH JONES
977217
Westville Correctional Facility
Electronic Service Participant – Court Only

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov